UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:


UNITED STATES OF AMERICA,

       Plaintiff,

v.

KEYS GATE COMMUNITY
ASSOCIATION, INC.,

       Defendant.

_____

## COMPLAINT

Plaintiff, UNITED STATES OF AMERICA ("USA"), by and through its undersigned counsel sues Defendant, Keys Gate Community Association, Inc. ("KEYS GATE") and alleges as follows:

## JURISDICTION AND PARTIES

1.     This is a civil action arising under the Constitution, laws, or treaties of the United States, and this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 et seq. for the purposes of determining a question of actual controversy between the parties.

2.     This action is brought by the United States at the request of the Secretary of the Department of Housing and Urban Development (HUD) under the direction of the Attorney General of the United States and has been brought to vindicate the sovereign rights and pecuniary interests of HUD.

3.      Defendant, Keys Gate Community Association, Inc. ("KEYS GATE"), is a Florida not-for-profit corporation operating within Miami-Dade County, Florida such that the Court has personal jurisdiction over KEYS GATE.

## VENUE

4.      Venue is proper in this Court as the cause of action accrued in Miami-Dade County Florida which is within the Southern District of Florida, pursuant to 28 U.S.C. §1391(b).

## FACTS COMMON TO ALL COUNTS

5.      The Defendant Association is the entity charged with the maintenance and operation of the Keys Gate community in Homestead, Florida. It operates pursuant to Florida Statutes Chapter 720 and is governed by its Amended and Restated Declaration of Master Covenant for KEYS GATE ("Declaration"), its Bylaws, Articles of Incorporation, and any amendments thereto.

6.      The Amended and Restated Declaration of Master Covenant for KEYS GATE ("Declaration") was recorded on September 10, 2003 in the Official Records of Miami-Dade County Book 21630, Page 3698 and contains a provision titled "Covenant for Assessments" which provides in pertinent part:

> 13.11  Subordination of the Lien to Mortgages.  The lien for assessments shall be subordinate to a bona fide first mortgage…   The lien for Assessments shall not be affected by any sale or transfer of a Lot and/or Residence, *except in the event of a sale or transfer of a Lot pursuant to a foreclosure* (or by deed in lieu of foreclosure or otherwise) of a bona fide first mortgage held by a Lender, *in which event, the acquirer of title, its successors and assigns, shall not be liable for such sums secured by a lien for Assessments encumbering the Lot or chargeable to the former Owner* of the Lot, which became due prior to such sale or transfer. However any such unpaid Assessments for which such acquirer of title is not liable may be reallocated and assessed to all Owners (including the

acquirer of title) as part of General Assessments.

Section 13.11[1] of the Declaration is attached hereto as Exhibit "A" (emphasis added).

7.     As owner of real property situated within the Keys Gate Community, HUD and KEYS GATE are parties to the Declaration and are bound by same.

8.     On October 15, 2003 HomeBanc Mortgage Corporation issued a mortgage which encumbered property located at 2211 SE 25 Avenue, Homestead Florida 33035 is legally described as:

> Condominium Unit No. 2211, Building No. 5, of Towngate Condominium Four, a Condominium according to the Declaration thereof, as recorded in Official Book 21342, Page 0043, of the Public Records of Miami-Dade County, Florida.

("PROPERTY").

9.     The mortgage was recorded on October 22, 2003 in the Official Records of Miami-Dade County Florida in Book 21757 at Page 4662.

10.    On July 8, 2009 Countrywide Home Loans Servicing, LP obtained a foreclosure judgment as to its mortgage and the PROPERTY sold at foreclosure auction where Bank of America was the successful bidder.

11.    On December 22, 2009 a Certificate of Title was issued to Countrywide Home Loans Servicing, PL such that it became the owner of the PROPERTY as a result of the foreclosure. A copy of the Certificate of Title was recorded in the Official Records of Miami-Dade County Book 27141, Page 69 and is attached hereto as Exhibit "B".

12.    The aforementioned mortgage was guaranteed by HUD and on February 8, 2010 HUD took title to the PROPERTY via Special Warranty Deed. A copy of the Special Warranty

---

[1] On May 6, 2008, an amendment to Article 13.11 was recorded but said amendment is of no import as the Bank of America mortgage predated it.

Deed was recorded in the Official Records of Miami-Dade County Book 27216, Page 3832 and is attached hereto as Exhibit "C."

13.     On January 18, 2011 KEYS GATE recorded a Claim of Lien for $14,247.43 against the HUD's property in the Official Records of Miami-Dade County Book 27557, Page 267.  A copy of said Claim of Lien is attached hereto as Exhibit "D."

14.     Since taking title to the PROPERTY, HUD has been attempting to sell same and entered in to a contract for the sale of PROPERTY to another party.

15.      On June 22, 2011 in response to an estoppel request sent by HUD, KEYS GATE, through counsel, sent an Estoppel Certificate with a payoff "good through July 30, 2011" to the title company handling the title work and closing for the sale of the PROPERTY.  A copy of the Estoppel Certificate is attached hereto as Exhibit "E."

16.     The Estoppel Certificate sought to collect assessments owed against the PROPERTY prior to Countrywide Home Loans taking title on December 22, 2009 as well as legal fees and costs "incurred in litigation."  The total amount of the request was $15,211.38.[2] See Exhibit "E."

17.     On November 16, 2011 HUD advised KEYS GATE that the liability asserted on the Estoppel Certificate was inaccurate due to assessments and other charges being wrongfully charged against HUD. In accordance with Florida Statutes, HUD requested an accurate estoppel letter to be provided within 15 days.  A copy of said Letter is attached hereto as Exhibit "F."  No such accurate letter was ever provided and this matter was then referred to the undersigned counsel.

---

[2] The undersigned calculated approximately $3,805.97 as the amount due as of June 22, 2011. That calculation is based upon assessments that came due since the Certificate of Title was issued to Countrywide on December 22, 2009 as follows: January 2010 – December 2010 at $152 per month plus January  2011 through June 2011 at $169 per month ($2,957.00), plus $25 per month late fee ($450) plus interest at 18% ($398.97).

18.     USA has engaged the undersigned attorney and has agreed to pay the attorney a reasonable fee and seeks recovery of said fee as part of this action.

## COUNT I - DECLARATORY RELIEF

19.     USA reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 20, as though fully set forth herein.

20.     A dispute has arisen between USA and KEYS GATE as to whether HUD is liable for any assessments, interest, late fees, legal fees or costs and non-litigation fees and costs which accrued prior to Countrywide taking title on December 22, 2009 and what is HUD's liability, if any, to KEYS GATE.

21.     KEYS GATE through its Claim of Lien and Estoppel Certificate have asserted that HUD is liable for paying all assessments which accrued against the PROPERTY prior to December 22, 2009 when Countrywide took title along with all interest and late fees chargeable as to the assessment delinquency and the legal fees and costs which KEYS GATE incurred in litigation regarding that delinquency.

22.     In the instant case, the KEYS GATE'S Declaration was in effect since 2003 and thus Countrywide became a third party beneficiary of the Declaration when it issued its mortgage on October 15, 2003.

23.     The Estoppel Certificate in contravention of the Declaration does not reallocate the amounts due prior to Countrywide taking title as it seeks to collect those amounts from the post-foreclosure owner of the PROPERTY (i.e., HUD).

24.     In taking title from Countrywide, HUD was provided the same protection by the Declaration and is therefore

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

a.  not liable for any assessments which accrued against the PROPERTY prior to December 22, 2009 when Countrywide took title;

b.  not liable for any interest or late fees which KEYS GATE claims entitlement to for any assessments which accrued against the PROPERTY prior to December 22, 2009 when Countrywide took title;

c.  not liable for any legal fees or costs which KEYS GATE claims entitlement to for any efforts to collect assessments which Countrywide and HUD are not responsible for paying;

d.  not liable for any non-litigation fees and costs incurred by KEYS GATE; and

e.  only liable for assessments, interest, and late fees which accrued against the PROPERTY after December 22, 2009 when Countrywide took title, in the amount of $5,773.29 through February 9, 2012, including interest.

25.  On its face, the Claim of Lien is invalid as it seeks to encumber the PROPERTY for more money than HUD is legally required to pay.  The Claim of Lien also violates Florida Statute § 720.3055(1)(a) in that it fails to itemize any of the alleged charges  claimed to be owed by HUD.

26.   Pursuant to the Property Clause of the United States Constitution, absent an explicit waiver, property owned by the USA cannot be the subject of an encumbrance (e.g., lien) or seizure, (e.g., foreclosure) and therefore the Claim of Lien recorded by KEYS GATE is without merit and improper and cannot stand.

27.   Pursuant to the Supremacy Clause of the United States Constitution, absent an explicit waiver, property owned by the USA cannot be the subject of an encumbrance (e.g., lien) or seizure, (e.g., foreclosure) and therefore the Claim of Lien recorded by KEYS GATE is

without merit and improper and cannot stand.

28.     Pursuant to the doctrine of sovereign immunity, absent an explicit waiver, property owned by the USA cannot be the subject of an encumbrance (e.g., lien) or seizure, (e.g., foreclosure) and therefore the Claim of Lien recorded by KEYS GATE is without merit and improper and cannot stand.

29.     The actions taken against the PROPERTY are unconstitutional because they were made against property belonging to a department of the United States, HUD.

30.     An actual existing and bona fide controversy exists between USA and KEYS GATE as to whether HUD is liable for any assessments, interest, late fees, legal fees or costs and non-litigation fees and costs which accrued prior to Countrywide taking title on December 22, 2009; whether Federally owned property is subject to the encumbrance caused by the Claim of Lien; and whether Federally owned property may be liened or foreclosed and as such the rights and obligations of the parties can be determined only by a declaratory judgment.

31.     This is an appropriate action for a declaratory judgment, as authorized by Title 28 U.S.C.§2201, because an actual controversy, as more fully described herein, has arisen and now exists between the USA and KEYS GATE concerning their respective rights and obligations, USA is suffering actual and threatened harm by virtue of the actions of the KEYS GATE.

WHEREFORE, Plaintiff, USA, prays

a.     That this Court enter a judgment declaring that real property owned by the USA is constitutionally immune from lien and foreclosure sales;

b.     That this Court enter a judgment declaring

1.   That the KEYS GATE Claim of Lien is null and void;

2.   That HUD is not liable for assessments, late fees, legal fees and costs

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

which accrued against the PROPERTY prior to Countrywide taking title on December 22, 2009;

3. That HUD is not liable for legal fees and costs which KEYS GATE claims it incurred following Countrywide taking title given KEYS GATE incurred these legal fees and costs by attempting to recover funds it was not owed and refusing to remedy their error;

4. That HUD is not liable for non-litigation fees and costs incurred by KEYS GATE as asserted in the Claim of Lien and Estoppel Certificate;

5. That HUD is only liable for assessments, interest, and late fees which accrued against the PROPERTY after December 22, 2009 when Countrywide took title, in the amount of $5,773.29 through and including February 9, 2012;

6. That any purchaser of the PROPERTY from HUD is only liable for those assessments, interest and late fees which accrue against the PROPERTY from the date the purchaser takes title forward.

c.    That this Court award the USA such other and further relief as the Court deems just and proper.

## COUNT II – SLANDER OF TITLE

32.    USA reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 20, as though fully set forth herein.

33.    The Claim of Lien is false and untrue and was wrongfully and maliciously filed by KEYS GATE, through their counsel, in an attempt to charge HUD assessments that HUD does not owe and excessive attorneys' fees and costs which would otherwise be uncollectible.

34.     Additionally, the Claim of Lien was wrongfully and maliciously filed as it is well established that a function of sovereign immunity is that state liens cannot be asserted against federal property.

35.     HUD advised KEYS GATE of its error but KEYS GATE refused to release the Claim of Lien and issue an accurate estoppel certificate.

36.     KEYS GATE'S failure to release the lien and issue an accurate estoppel certificate resulted in the expiration of a contract for sale of the PROPERTY.

37.     As a result of KEYS GATE'S actions, HUD has suffered a pecuniary loss in the form of additional carrying costs for the PROPERTY and depreciated fair market value.

38.     USA has engaged the undersigned attorney to dissolve the above-described Claim of Lien and has agreed to pay the attorney a reasonable fee and seeks recovery of said fee as part of this action.

WHEREFORE, Plaintiff, USA prays

a.     That this Court enter a judgment declaring that real property owned by the USA is constitutionally immune from lien and foreclosure sales;

b.     That this Court enter a judgment declaring that the KEYS GATE lien is null and void;

c.     That this Court award USA damages, its costs, and reasonable attorney fees;

d.     That this Court award the USA such other and further relief as the Court deems just and proper.

## COUNT III – TORTIOUS INTERFERENCE WITH AN ADVANTAGEOUS BUSINESS RELATIONSHIP

39.     USA reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 20, as though fully set forth herein.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

40.     HUD entered into a contract for the sale of the PROPERTY.

41.     KEYS GATE knew that HUD was selling the property and yet intentionally and unjustifiably interfered with the sale of the PROPERTY by not issuing a corrected estoppel certificate and by not releasing the improperly issued Claim of Lien.

42.     As a result of KEYS GATE'S actions HUD has suffered a pecuniary loss in the form of additional carrying costs for the PROPERTY and depreciated fair market value and legal fees and costs.

WHEREFORE, Plaintiff, USA, prays

a.     That this Court enter a judgment finding KEYS GATE tortiously interfered with USA's advantageous business relationship;

b.     That this Court enter a judgment declaring that the KEYS GATE lien is null and void;

c.     That this Court award USA damages and its costs;

d.     That this Court award USA such other and further relief as the Court deems just and proper.

## COUNT IV – TORTIOUS INTERFERENCE WITH A PROSPECTIVE BUSINESS RELATIONSHIP

43.     USA reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 20, as though fully set forth herein.

44.     KEYS GATE'S position is that HUD owes assessments, interest, legal fees and costs prior to December 22, 2009, the Claim of Lien recorded against the PROPERTY and KEYS GATE'S estoppel alleging excessive funds owed has resulted in an inability of HUD to enter into another contract for the sale of the PROPERTY.

45.     KEYS GATE'S position is intentional and unjustified in light of the language of

the Declaration and given the fact that Federally owned property cannot be encumbered or foreclosed.

46.      As a result of KEYS GATE'S intentional, unjustified and improper actions HUD has suffered a pecuniary loss in the form of additional carrying costs for the PROPERTY and depreciated fair market value and legal fees and costs as buyers cannot be secured for the PROPERTY.

WHEREFORE, Plaintiff, USA, prays

a.      That this Court enter a judgment that KEYS GATE tortiously interfered with USA's prospective business relationship;

b.      That this Court enter a judgment declaring that the KEYS GATE lien is null and void;

c.      That this Court award USA damages and its costs;

d.      That this Court award the USA such other and further relief as the Court deems just and proper.

## COUNT V – BREACH OF CONTRACT

47.      USA reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 20, as though fully set forth herein.

48.      KEYS GATE'S demand that HUD owes assessments, interest, legal fees and costs and non-litigation fees and costs prior to December 22, 2009, and KEYS GATE'S recording of the Claim of Lien against the PROPERTY violates Article 13.11 of the Declaration.

49.      Article 13.13 provides an award of attorneys' fees to KEYS GATE if it brings suit to collect assessments. Florida Statute § 57.105(7) makes said provision reciprocal. Additionally, Florida Statute § 720.305(1) provides for an award of attorneys' fees to the prevailing party in

disputes regarding the governing documents and Florida Statutes Chapter 720. A copy of Article 13.13 is attached hereto as part of Exhibit "A".

50.     USA has retained the undersigned attorney and has agreed to pay the attorney a reasonable fee for the services rendered on this issue.

WHEREFORE, Plaintiff, USA, prays

a.     That this Court enter judgment in favor of USA finding that KEYS GATE violated its own governing documents and determine the actual amount HUD owes for maintenance.

b.     That this Court enter judgment awarding costs and legal fees pursuant to §720.305, Fla. Stat. (2011) and the Declaration;

c.     That this Court award the USA such other relief as the Court may deem just and equitable.

Dated:   February 9, 2012

                                   Respectfully Submitted,

                                   BECKER & POLIAKOFF, P.A.
                                   Attorneys for Plaintiff
                                   121 Alhambra Plaza, 10th Floor
                                   Coral Gables, FL  33134
                                   Telephone:  (305) 262-4433
                                   Facsimile:  (305) 442-2232

                                   By:   s/ Steven M. Davis
                                   Steven M. Davis, Esq.
                                   Florida Bar No. 894249
                                   SDavis@becker-poliakoff.com
                                   Marilyn J. Perez-Martinez, Esq.
                                   Florida Bar No. 0519979
                                   MPerez-Martinez@becker-poliakoff.com

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433